IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| AUDRAIN HEALTH CARE, INC., d/b/a AUDRAIN MEDICAL CENTER, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 And Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to David Lunceford who was adversely affected by such practices.  As alleged with greater particularity in paragraph 7 below, on or about April 2010 Defendant discriminated against Mr. Lunceford by refusing to transfer him into a vacant operating room nurse  position because of his gender, male.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Northern Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, has continuously been a Missouri corporation doing business in the State of Missouri and the City of Mexico, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Lunceford filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 2010, Defendant engaged in unlawful employment practices at its facility in Mexico, Missouri, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

    a. In March 2010 Mr. Lunceford was working for Defendant part-time as a nurse in its post-surgery Patient Care Unit.

    b. On or about March 10, 2010, Defendant posted a vacancy for an operating room (OR) nurse. Mr. Lunceford did not apply for the OR nurse position at that time.

2

      c.      On or about March 18, 2010, Defendant posted a vacancy for a nursing position in its Critical Care Unit (CCU). Mr. Lunceford applied for and was offered a transfer into the CCU nursing position with a start date of April 22, 2010.

      d.      On or about April 16, 2010, Mr. Lunceford learned that Defendant was guaranteeing 40 hours minimum weekly pay, with benefits, for the vacant OR nursing position. The CCU position was 24 hours weekly with no benefits.

      e.      Subsequently, Mr. Lunceford asked the OR Director, Linda Brooks about applying for the position. Ms. Brooks told Mr. Lunceford that the doctors wanted female nurses in the OR.

      f.      Defendant did not consider Mr. Lunceford for the OR nurse position because of his gender.

      g.      Defendant subsequently hired a female applicant for the OR nurse position.

8.      The effect of the practice(s) complained of in paragraph 7 above has been to deprive Mr. Lunceford of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

9.      The unlawful employment practice complained of in paragraph 7 above was intentional.

10.      The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of Mr. Lunceford.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against Defendant's employees because of their sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for male and female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mr. Lunceford, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place transfer of Mr. Lunceford.

D. Order Defendant to make whole Mr. Lunceford, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including loss of medical and dental coverage, life insurance, long-term disability insurance, paid vacations and paid sick leave, in amounts to be determined at trial.

E. Order Defendant to make whole Mr. Lunceford by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain and suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Mr. Lunceford punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

4

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/Barbara A. Seely_____
BARBARA A. SEELY
Regional Attorney

/s/ Melvin D. Kennedy_____
MELVIN D. KENNEDY
Senior Trial Attorney, E.D.Mo 33222
1222 Spruce Street, Rm. 8.100
St. Louis, Missouri 63103
(314) 539-7916
 Melvin.kennedy@eeoc.gov
